UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
 ------------------------------------------------------X
UNITED STATES OF AMERICA,

                - against -

HERNAN LOPEZ,

                   Defendant.
 ------------------------------------------------------X

                               **MEMORANDUM & ORDER**
                        **REGARDING GRAND JURY MOTION**
                            15-CR-252 (PKC)

PAMELA K. CHEN, United States District Judge:

      Before the Court is the motion of Defendant Hernan Lopez to dismiss the S-3 Superseding Indictment (the "Superseding Indictment") and/or for discovery and an evidentiary hearing relating to the grand jury proceedings. (Dkts. 1384, 1388.) The government opposes that motion. (Dkt. 1385.) For the reasons discussed herein, the Court denies Lopez's motion in its entirety.[1]

## BACKGROUND

      Defendant Lopez is among the numerous defendants charged in the Superseding Indictment, filed on March 18, 2020. (*See* Dkts. 1319, 1337.) The back page of the Superseding Indictment, though signed by the grand jury foreperson, is undated. (Dkt. 1319, at ECF[2] 70.) In response to questions from Lopez's counsel, the government has represented that: "(1) the grand jury achieved a quorum on each day that it received evidence and on the day it voted on the Superseding Indictment[;] . . . (2) at least 12 grand jurors concurred in the Superseding Indictment"

---

[1] As discussed below, Defendant Full Play Group S.A. ("FPG") requests that the Court "reserve judgment on the discovery and evidentiary hearing requests in Lopez's motion." (Dkt. 1392, at 1.) While the Court, in effect, denies that request, it is without prejudice to any defendant to raise a later challenge to the Indictment or seek grand jury material based on information or evidence other than that relied upon in Defendant Lopez's motion.

[2] "ECF" refers to the pagination generated by the CM/ECF docketing system and not the document's internal pagination.

(Dkt. 1384-3, at ECF 1); and (3) the Superseding Indictment "was voted on/returned by the grand jury on March 18, 2020, the date reflected in the clerk's filing stamp" (*id.* at ECF 2).  As also confirmed by the government (*see* Dkt. 1385, at 1–2), the Superseding Indictment was handed up by the grand jury foreperson, on March 18, 2020, to Magistrate Judge Lois Bloom, who granted the government's application to file the Superseding Indictment under seal and signed the related sealing order (Dkt. 1337-1).  On March 18, 2020, the same day the Superseding Indictment was filed, Chief Judge Roslynn R. Mauskopf issued Administrative Order No. 2020-11 ("March 18 Administrative Order"), extending the time for Magistrate Judges to conduct preliminary hearings pursuant to Federal Rule of Criminal Procedure 5.1(a).  (Administrative Order No. 2020-11, https://img.nyed.uscourts.gov/files/general-ordes/AO%202020-11.pdf.)  In the preamble section of that order, the Chief Judge stated that "no regular grand jury in this district has had a quorum since March 13, 2020."  (*Id.*)  On April 21, 2020, the Chief Judge issued Administrative Order No. 2020-15 ("April 21 Administrative Order"), in which she noted, *inter alia*, that "none of the grand juries currently sitting in the District will be able to muster a quorum prior to May 15, 2020." (Administrative    Order    No.    2020-15,    https://img.nyed.uscourts.gov/files/general-ordes/Admin%20Order%202020-15.pdf.)  On April 9, 2020, Defendants Lopez, FPG, and Carlos Hernandez were arraigned on the Superseding Indictment.[3]  Between May 6 and 8, 2020, Lopez's counsel conferred, by letter and email, with the government regarding the grand jury proceedings relating to the Superseding Indictment; this exchange resulted in the government's representations about the grand jury proceedings set forth above.  (Dkts. 1384-1–3.)  Defendant Lopez filed his motion to dismiss the Superseding Indictment and/or for discovery and a hearing regarding the

---

[3] In light of the COVID-19 pandemic, all three Defendants agreed to be arraigned via telephone.

grand jury proceedings on May 13, 2020, five days after receiving the government's May 8, 2020 response.  (Dkt. 1384.)  On May 20, 2020, Defendant FPG filed a letter taking no position on Lopez's motion to dismiss the indictment, but "request[ing] that the Court reserve judgement on the discovery and evidentiary hearing requests in Lopez's motion[,]" to the extent FPG might wish to seek the release of grand jury materials after reviewing the "voluminous" discovery.  (Dkt. 1392, at 1.)

## <u>DISCUSSION</u>

Defendant Lopez argues that, based on Chief Judge Mauskopf's statement that no regular grand jury has had a quorum since March 13, 2020 and the fact that the grand jury foreperson did not date the Superseding Indictment, there is reason to believe that the grand jury that returned the Superseding Indictment lacked a quorum, and that the Court should either dismiss the Superseding Indictment, or require the disclosure of grand jury material revealing: (1) the date on which the grand jury voted on the Superseding Indictment; (2) whether the grand jury that returned the Superseding Indictment achieved a quorum each day it received evidence relating to the indictment; and (3) the number of grand jurors who voted in favor of the Superseding Indictment. (Dkt. 1384, at ECF 2–4.)  Lopez also asks the Court to conduct an evidentiary hearing to examine these issues.  (*Id.* at ECF 9.)

The government responds that, as it previously represented to defense counsel, there was, in fact, a quorum for the relevant grand jury proceedings, including on March 18, 2020, when the Superseding Indictment was returned, and, that, contrary to Defendant Lopez's arguments, there is no "tension" or "discrepancy" between Chief Judge Mauskopf's statement in the March 18 Administrative Order about the lack of quorum for the regular grand jury and the government's representations.  (Dkt. 1385, at 2.)  The government points to the facts that the March 18

3

Administrative Order only referenced the *regular* grand jury, not all grand juries, and that it was a Special Grand Jury, empaneled by a sealed order of the Chief Judge, that returned the Superseding Indictment on March 18, 2020.  (*Id.* at 1–2.)  The government notes that the limited nature of the Chief Judge's statement in the March 18 Administrative Order about the lack of quorum is reinforced by the April 21 Administrative Order, which states that "<u>none</u> of the grand juries" will be able to muster a quorum by May 15, 2020, thus "specifically broadening the finding beyond regular grand juries."  (*Id.* at 2 (emphasis in original).)  The government also assails the defense's position as "invit[ing] speculation that the government, the grand jurors (including the foreperson, who signed and handed up the indictment), Judge Bloom, or some combination thereof engaged in flagrant misconduct by permitting the grand jury to receive evidence and return an indictment unlawfully, without the required quorum or number of votes."  (*Id.* at 4.)

The Court finds that Defendant Lopez has failed to show any basis for dismissing the indictment or ordering the disclosure of, or an evidentiary hearing on, the grand jury proceedings that resulted in the Superseding Indictment.  "[T]he proper functioning of our grand jury system depends upon the secrecy of grand jury proceedings." *United States v. Walters*, 910 F.3d 11, 23 (2d Cir. 2018) (quoting *Douglas Oil Co. of Cal. v. Petrol Stops Nw.*, 441 U.S. 211, 218 (1979)). There is a presumption of regularity with respect to grand jury proceedings that "generally may be dispelled only upon particularized proof of irregularities in the grand jury process." *United States v. Tranquillo*, 606 F. Supp.2d 370, 381 (S.D.N.Y. 2000) (internal quotation marks omitted) (quoting *United States v. Mechanik*, 475 U.S. 66, 75 (1986)); *see also United States v. Leung*, 40 F.3d 577, 581 (2d Cir. 1994) ("[A] presumption of regularity attaches to grand jury proceedings." (citation omitted)).  Mere suspicion or speculation about irregularities are insufficient to overcome this presumption of regularity.  *Leung*, 40 F.3d at 582 (finding "speculations about possible

4

irregularities in the grand jury were insufficient to overcome the presumption that [the grand jury] investigation was for a proper purpose"); *see also United States v. Torres*, 901 F.2d 205, 233 (2d Cir. 1990) ("A review of grand jury minutes is rarely permitted without specific factual allegations of government misconduct." (citation omitted)); *United States v. Bruno*, 159 F. Supp. 3d 311, 322 (E.D.N.Y. 2016) ("A court will not authorize disclosure of grand jury minutes when the defendant alleges 'mere speculation as to what occurred in front of the grand jury.'" (citation omitted)); *United States v. Barret*, 824 F. Supp. 2d 419, 447 (E.D.N.Y. 2011) (denying defendant's motion for release and review of the grand jury minutes, where defendant failed to "allege a single non-speculative impropriety to support his request"); *United States v. Basciano*, 763 F. Supp. 2d 303, 316 (E.D.N.Y. 2011) (finding defendant's speculation about a prosecutor's role in the grand jury proceeding "insufficient to satisfy the particularized showing required to overcome grand jury secrecy, let alone to require the dismissal of the indictment"), *aff'd*, 634 F. App'x 832 (2d Cir. 2015); *Tranquillo*, 606 F. Supp. 2d at 381 (finding defendant's "bare-bones accusation that the [g]overnment presented false testimony to 'create culpability'—an accusation based solely on 'information and belief'" insufficient); *United States v. Ordaz-Gallardo*, 520 F. Supp. 2d 516, 519–20 (S.D.N.Y. 2007) (finding defendant "offer[ed] little more than speculation that some impropriety may have occurred before the grand jury," which "[fell] well short of the 'particularized need' [d]efendants must show to obtain disclosure of grand jury materials" (citation omitted)); *United States v. Dolney*, No. 04-CR-159 (NGG), 2005 WL 1076269, at *3 (E.D.N.Y. May 3, 2005) (denying access to grand jury transcripts, where defendant "only offers a variety of cursory allegations made 'upon information and belief'" that the grand jury proceeding was procedurally defective).

The proof of irregularity that Lopez relies on is twofold: (1) the seeming inconsistency or "tension" between a statement in the March 18 Administrative Order and the government's representations about the relevant grand jury proceedings; and (2) the grand jury foreperson not dating the S-3 Superseding Indictment.  (Dkt. 1384, at ECF 3.)  However, neither is sufficient on its own or in combination to overcome the presumption of regularity of the grand jury process in this case.  First, there simply is no inconsistency or tension between the statement in the March 18 Administrative Order and the government's representations about the grand jury proceedings.  As the government correctly notes, the March 18 Administrative Order referred specifically to the "regular" grand jury not having a quorum after March 13, 2020.  (Dkt. 1385, at 2.)  Here, the government represents, and not even Defendant Lopez has any basis to question (Dkt. 1384, at ECF 5), that it was a Special Grand Jury empaneled by the Chief Judge pursuant to 18 U.S.C. §§ 3331 and 3332—and not a regular grand jury—that returned the S-3 Superseding Indictment on March 18, 2020.  (Dkt. 1385, at 1–2.)  There is, therefore, no reason to believe that that Special Grand Jury lacked a quorum on March 18, 2020 or any other day they may have convened before then.

Defendant Lopez argues, however, that even if it was a Special Grand Jury that returned the S-3 Superseding Indictment, the Chief Judge's statement that no regular grand jury had a quorum during the five days before March 18, 2020 "suggests that the government was unable to gather a quorum for a special grand jury[.]"  (Dkt. 1384, at ECF 6 n.2.)  The Court rejects this suggestion as nothing more than speculation that is plainly insufficient to justify the extraordinary relief of breaching grand jury secrecy.  *See Anilao v. Spota*, 918 F. Supp. 2d 157, 173 (E.D.N.Y. 2013) (party seeking disclosure of grand jury material must show, *inter alia*, that "the material they seek is needed to avoid a possible injustice in another judicial proceeding [and] that the need

for the disclosure is greater than the need for continued secrecy") (citing *Douglas Oil Co. of Cal.*, 441 U.S. at 222)).  That the regular grand juries could not convene a quorum between March 13 and 18 does not show or even suggest that 16 grand jurors could not be gathered for one Special Grand Jury on a single day, March 18, 2020, or during any of the five days before then—especially when the government's attorneys are representing that, in fact, there was a quorum on March 18 and any other day that the Special Grand Jury received evidence relating to the indictment, and when a Magistrate Judge has confirmed that the Superseding Indictment was presented to her on March 18 by the grand jury foreperson, and affirmed the propriety of the grand jury proceedings by accepting the indictment and issuing a sealing order.

Second, the fact that the grand jury foreperson, who signed the Superseding Indictment, did not date it does not undercut the documentary record, as well as the prosecutors' representations, unequivocally establishing that the Superseding Indictment was returned on March 18, 2020, the same day it was presented by the foreperson to, and reviewed by, Magistrate Judge Bloom, and filed on the docket.  (Dkt. 1337-1 (Sealing Order signed by Magistrate Judge Bloom).)  Nor does the foreperson's failure to date the indictment suggest any irregularity with respect to the grand jury proceedings, because, as the defense acknowledges, it has "evidently become the practice of grand juries in the District" not to date the True Bill form to the indictment.[4]

---

[4] For the same reason, the Court does not find, as Defendant Lopez argues, that the absence of a date "reinforces . . . skepticism about whether the government was in fact able to get 16 people in a room at a time when a pandemic was effectively shutting down the courthouse and the city."  (Dkt. 1384, at ECF 6.)

(Dkt. 1384, at ECF 5–6 (comparing S-3 Superseding Indictment, which is undated, to original indictment in this case, which is dated).).)[5]

Finally, although Defendant Lopez resists the implication of his argument (Dkt. 1388, at 3 (arguing that he is not suggesting that the grand jurors, Judge Bloom, or some combination thereof engaged in flagrant misconduct)), it is unavoidable. In order to grant any aspect of Lopez's motion, the Court would have to believe, at a minimum, that the prosecutors have misrepresented to the defense and the Court some or all of the following facts: that a Special Grand Jury was empaneled in this matter; that it voted on and returned the Superseding Indictment on March 18, 2020; that it had a quorum on all relevant days; and that the foreperson of that grand jury handed up the Superseding Indictment, along with an indictment in another case (Dkt. 1385, at 1 & n.1), to Magistrate Judge Bloom on March 18, 2020.[6] The Court would also have to believe that either: (1) the foreperson falsified or inaccurately completed the grand jury forms to indicate that there was a quorum, when there was not, or that 12 or more grand jurors voted to return a True Bill, when they had not; or (2) on March 18, 2020, Judge Bloom mistakenly (again, at a minimum) approved for filing two indictments—the Superseding Indictment and the one issued in *United States v. Moustafa Ayoub*, 20-CR-142 (ENV)—for which there was no quorum and/or an insufficient vote to indict. As discussed, Defendant Lopez has failed to provide any cause for the

---

[5] In fact, three of the four indictments returned in this case, signed by different grand jury forepersons, are undated. (*See* Dkts. 102, at ECF 240 (S-1); Dkt. 604, at ECF 59 (S-2); Dkt. 1319, at ECF 70 (S-3).) Only the original indictment is dated. (Dkt. 1, at ECF 164.)

[6] The Court actually assumes that Defendant Lopez does not dispute that the Superseding Indictment was returned by the grand jury on March 18, 2020, since that timing is critical to his argument about the alleged lack of quorum. Furthermore, Lopez acknowledges that he "has no reason to doubt the government's representation" that the grand jury voted on the Superseding Indictment on March 18, 2020. (Dkt. 1384, at ECF 5.)

Court to accept these counterfactual and incredible suggestions or to find irregularity with respect to the grand jury process in this matter.

In sum, the Court finds that Defendant Lopez has failed to put forth "particularized proof" of grand jury irregularity, *Tranquillo*, 606 F. Supp.2d at 381, so as to justify disclosure of the requested grand jury materials, an evidentiary hearing, or dismissal of the Superseding Indictment.[7]

## <u>CONCLUSION</u>

For the foregoing reasons, the Court denies Defendant Lopez's motion for dismissal of the S-3 Superseding Indictment and/or for discovery and an evidentiary hearing relating to the grand jury proceedings. The Court also denies Defendant FPG's request to reserve judgment on Defendant Lopez's discovery and evidentiary hearing request, but without prejudice to any defendant moving, on his own, to dismiss the indictment or for discovery of grand jury material based on grounds other than those raised in Lopez's motion.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: May 26, 2020
      Brooklyn, New York

---

[7] Given this finding, the Court does not address Defendant Lopez's argument that disclosure of the grand jury information he is seeking would not undermine the goals of grand jury secrecy. (Dkt. 1384, at ECF 8.) The Court also declines to follow Lopez's alternate suggestion that the Court review the grand jury material *in camera*, as unwarranted. (*Id.* at ECF 9 n.3.)