

mwe.com

Carlos Ortiz
Attorney at Law
cortiz@mwe.com
+1 212 547 5566

February 11, 2021

**VIA ECF**

The Honorable Pamela K. Chen
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   United States v. Full Play Group, SA, et. al
      Criminal Docket No. 15-252 (S-3)(PKC)

Dear Judge Chen:

We represent Defendant Full Play Group S.A. ("FPG") in the above-captioned case pending before Your Honor. Defendant FPG, by and through the undersigned counsel, joins co-defendants Hernan Lopez and Carlos Martinez in their motion to compel the production of, among other things, certain materials the government obtained from 21st Century Fox ("Fox) and Torneos y Competencias, SA ("Torneos"). In accordance with the Court's order dated January 21, 2021 directing FPG to respond to the government's letter regarding production of materials from Fox and Torneos [1476], we are also requesting that the government provide to defense counsel similar materials in the government's possession or control pertaining to Traffic, Datisa[1], T&T Sports Marketing Ltd., Fox Pan American Sports, CONCACAF, CONMEBOL, and FIFA (collectively the "New Entities").

In an email on December 21, 2020, FPG asked the government to expand the list of entities as requested above. In an email dated January 8, 2021, the government responded as follows regarding the New Entities:

> "We have given your first request some more thought and at present do not intend to increase the scope of our obligations under the Court's order, which already requires that we categorize documents in a fashion not ordinarily required under Rule 16 or any other authority. We have

---

[1] Although FPG was member of Datisa, it is our understanding that information regarding the entity was independently provided to the government by Torneos and Traffic as part of their respective cooperation agreements.



340 Madison Avenue   New York NY 10173-1922   Tel +1 212 547 5400   Fax +1 212 547 5444

*US practice conducted through McDermott Will & Emery LLP.*

Judge Chen
February 11, 2021
Page 2

      yet to make our final determinations as to the scope or definition of the particular categories, although many of the categories you list in your email are likely to be captured in one fashion or another in our filing. As you indicate, the Court's order referenced documents generated by Fox and Torneos, and we intend to limit our categories to those entities in the first instance. We note, however, that our discovery determinations will of course be broadly consistent from one entity to another – i.e., if we determine that scheduling emails with counsel for entity X are not discoverable, we would make the same determination as to entity Y, absent some meaningful difference in context. We propose to defer addressing any particular concerns or questions you may have as to entities outside the Court's order until after the Court has made its ruling, as all of the parties will then have a clearer sense of whether any disputed issues remain with respect to this particular discovery issue."

We note that the government has been very responsive to every request for a meet and confer and we appreciate the information provided in the January 15, 2021 and February 9, 2021 letters.

1.     <u>Inclusion of the New Entities</u>

At the outset FPG adopts and incorporates all of the arguments set forth in the letters and motions of co-defendants Lopez and Martinez to support its request for the government's review of various categories of documents that should be searched in its efforts to comply with the Court's Order dated November 20, 2020. We understand these categories to include:

- Emails between E.D.N.Y. and counsel;

- Agreements and drafts/redlines of agreements;

- Presentations, reports, white papers, and any attachments thereto made to E.D.N.Y. or any other Law Enforcement agency (as defined in our Rule 16 letter dated August 24, 2020);

- Telephone calls, voicemails, social media communications, instant messages, etc.;

- Plea negotiations or other proffers (including promises or threats of prosecution);

- Written, recorded or oral statements (including notes and drafts) either by the entities or the government;

- Warrants, MLATs, subpoenas or requests for documents (including related correspondence and privilege logs); and

- Interview, deposition or testimony notes or transcripts with the government or Law Enforcement.

To the extent that request was limited to Torneos or Fox, we discussed with the government on November 30, 2020, expanding that exercise to include documents received from Traffic and Datisa.



Judge Chen
February 11, 2021
Page 3

The list was expanded by the December 21st email to include T&T Sports Marketing Ltd., Fox Pan American Sports, as well as CONCACAF, CONMEBOL, and FIFA.

The reason for expanding the list to include the New Entities is straightforward and is exactly the same as the reason for providing the requested information from Fox and Torneos: each entity cooperated with and provided information to the government. Fox, Torneos, and the New Entities are indistinguishable on this score (except that the New Entities' information affects FPG, and not Lopez and Martinez). Also, since Raymond Vazquez is charged in Count One with its sweeping allegations including each of these entities, it is a fair assumption that this information will also be important to Vazquez as his counsel prepares for trial.

Indeed, similar to Fox and Torneos, any investigation, presentation or agreements reached by Traffic or another sports marketing company would have to be as relevant as those of Fox and Torneos, as the allegations regarding their respective roles are similar. We simply don't understand why the government's obligations under Federal Rules of Criminal Procedure 16(a), *Brady*, or otherwise differ between the entities.

Regarding the New Entities, any investigation, presentation or agreement in this regard is even more relevant, as any evidence of wrongdoing/misconduct uncovered would certainly be material to our defense. "The materiality standard [of Rule 16] normally is not a heavy burden; rather, evidence is material as long as there is a strong indication that it will play an important role in uncovering admissible evidence, aiding witness preparation, corroborating testimony, or assisting impeachment or rebuttal." *United States v. Messina*, No. 11-CR-31 KAM, 2011 WL 3471511, at *1 (E.D.N.Y. Aug. 8, 2011) (citing *United States v. Stein*, 488 F.Supp.2d 350, 356–57 (S.D.N.Y.2007) (quoting *United States v. Lloyd*, 992 F.2d 348, 351 (D.C.Cir.1993) (internal quotation marks omitted)). Discussion pertaining to whether local laws or corporate codes of conduct, for example, were or were not followed or that their employees were actively seeking bribes or informing superiors not only meets the materiality standard, but is critical to a defense of alleged commercial bribery. Similarly, any presentations or information the New Entities provided to the government setting forth defenses, mitigation or facts inconsistent with their culpability is equally relevant and material to the defense. Remedial measures to address non-existent compliance programs, and whether policies and code of conduct that covered the alleged conduct existed, would also be relevant. These entities, similar to Fox and Torneos, are essential to the allegations as is any information regarding the misconduct of their employees in the possession of the government.

For the reasons, FPG respectfully requests the inclusion of the New Entities. The government has previously agreed to provide certain categories of information regarding Fox and Torneos. Because the New Entities are identically situated regarding the government and FPG, the Court should compel the government to provide the same information provided by these entities to defense counsel.

McDermott
Will & Emery

Judge Chen
February 11, 2021
Page 4

2. <u>Additional Information</u>

As a result of the letter dated February 10, 2021 from the government to defense counsel, FPG specifically requests that the government provide any information in its possession regarding the termination of any employee of the New Entities. As set forth above, it is our position that this information is critical to our evaluation of the full circumstances surrounding the alleged solicitation of a bribe or gratuity.

FPG also requests the post-indictment remedial measures implemented in each of the New Entities as well as any reports provided to the government. This information is critical to establish whether at the time of the alleged payments any meaningful compliance program was in place. A failure to maintain such a program may have fostered an environment that allowed, encouraged and required vendors to pay for contracts with the New Entities. Additionally, interviews conducted with employees as part of the post-indictment compliance reviews often reveal a change in circumstances that may cause employees to recall prior issues that they did not understand to be problems due to insufficient training. All of this information is at the very least helpful to the defense in the preparation of its case.

For these reasons, FPG respectfully requests the production of these items in addition to those the government has agreed to provide in its January 15, 2021 and February 10, 2021 letters.

3. <u>Additional Arguments</u>

FPG joins in the arguments and requests set forth in the letters submitted by Co-defendants Lopez and Martinez. FPG adds or expands on several arguments.

    a. Organizational Defendant

FPG is a corporate entity and the government's discovery obligations relative to it are broader than those due to the individual defendant. Corporate defendants are entitled to disclosure not merely of materials of individual defendants (as required under Rule 16(a)(1)(A)), but also any and all alleged corporate agents. Rule 16(a)(1)(C). In considering the requests for materials pertaining to Fox, Torneos, and the New Entities, the Court should also take into consideration that the government is obliged to disclose any materials of any and all alleged corporate agents. The government's case against FPG, who as a corporate entity can only act through its agents, rests on the fact that others acted improperly on its behalf. Materials pertaining to these alleged agents plays an important role in uncovering admissible evidence, aiding witness preparation, corroborating testimony, or assisting impeachment, or rebuttal and as such is material and should be disclosed.

    b. Draft Agreements, Presentations, and Related Communications

The negotiation of agreements, presentations made to the government, and related communication are material and should be disclosed. Drafts of negotiations of agreements, particularly statement of facts are discoverable because the "[d]isclosure of the give and take as to what [an entity] was prepared to admit and what the government unsuccessfully sought is likely to shed light on matters at issue in this

McDermott
Will & Emery

Judge Chen
February 11, 2021
Page 5

case." *Stein*, 488 F.Supp. 2d at 359.  In *Stein*, the court addressed an employee defendant's request for the draft statement of facts that floated between his then-employer, who had entered into a Deferred Prosecution Agreement with the government, and the government. Id.  In granting this particular part of the request, the court found that disclosure was warranted as it was likely to "play an important role in uncovering admissible evidence, aiding witness preparation, corroborating testimony, or assisting impeachment or rebuttal." Id.

Despite the government's dislike of this holding, the case has not been overruled but to the contrary has been cited favorably including by this court, among others.  See e.g., United States v. Messina, No. 11-CR-31 KAM, 2011 WL 3471511, at *1 and *3 (E.D.N.Y. Aug. 8, 2011) (citing the materiality standard from *Stein*, in granting defendant's motion to compel production of a local police department's investigative file presumably in the possession, custody, or control of the government pertaining to the murder that was the subject of the underlying case); United States v. Hatfield, No. 06-CR-0550 (JS), 2009 WL 10673620, at *3 (E.D.N.Y. July 10, 2009) (in an individual defendant's motion to compel quoting *Stein's* finding that "[t]he government is required by the Constitution to disclose exculpatory evidence regardless of whether it obtained that evidence in the course of plea negotiations"); United States v. Basciano, No. 03-CR-929 NGG, 2008 WL 375537, at *3 (E.D.N.Y. Feb. 8, 2008) (also citing materiality standard from *Stein*).

The government argues that presentations to the government by Fox and Torneos are not discoverable because these address the application of the "Filip Factors."  See Government's Letter at 5.  The Filip Factors includes a consideration of among other things: (1) the nature and seriousness of the offense; (2) the "pervasiveness of wrongdoing within the corporation, including the complicity in, or the condoning of, the wrongdoing by corporate management"; (3) "corporation's history of similar misconduct"; (4) "the corporation's timely and voluntary disclosure of wrongdoing"; (5) "existence and effectiveness of the corporation's pre-existing compliance program"; and (6) remedial actions.  Each of these topics present issues as to what these entities were willing to admit or not admit and are therefore material to the defense and as such these presentations should be disclosed in the form provided to the government.

In *Stein* a white paper was considered as potentially containing discoverable information as it was likely to discuss facts that would supply leads helpful to them in developing the defendants' case or lead to information useful for the cross-examination.  488 F. Supp. 2d at 358.  After an *in camera* review of the white paper and its appendices it was deemed at least partially discoverable.  Id.  The white paper is analogous to the presentations made in this matter, except the case for the materiality of the entire presentations is apparent on the face of the document because the Filip Factors go to the heart of material information – culpability, pervasiveness, historic misconduct, disclosures, a pre-existing compliance program, and remediation.

Communications by Fox, Torneos, and the New Entities with the government that discuss the case, the DPA or changes to the DPA, and the presentations whether pertaining to the Filip Factors or otherwise, are also discoverable.  These communication relate to the facts at issue in this indictment and are material to the defense.  These communications are relevant for the same reasons outlined above as to why the draft DPAs and the presentations are material and discoverable.

McDermott
Will & Emery

Judge Chen
February 11, 2021
Page 6

3. <u>Conclusion</u>

Wherefore, Defendant FPG respectfully joins co-defendants Lopez and Martinez in requesting that the Court grant the relief they are requesting and expand the list of entities to include the New Entities and the additional information set forth above.

Sincerely,

Carlos Ortiz
*Counsel for Defendant Full Play Group S.A.*


cc: Counsel of record (by ECF)

McDermott
Will & Emery