

U.S. Department of Justice

United States Attorney
Eastern District of New York

SPN/PTH/KTF/VAZ

271 Cadman Plaza East
Brooklyn, New York 11201

January 15, 2022

By ECF

The Honorable Pamela K. Chen
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: United States v. Hernan Lopez, et al.
     Criminal Docket No. 15-252 (S-3) (PKC)

Dear Judge Chen:

  The government respectfully submits this letter in brief response to defendants Hernan Lopez and Carlos Martinez's (the "Defendants") reply in further support of their motion to compel production of the contents of four personal email accounts of cooperating witness Alejandro Burzaco. See ECF Dkt. No. 1676 (the "Reply"). This filing is necessary because the defendants have, once again, misstated the factual record in support of their argument.

  Specifically, the Reply states that the government's recent productions "show that Mr. Burzaco communicated with his co-conspirators outside of his Torneos work email account, including on WhatsApp, to prevent the discovery of particularly sensitive conversations." Reply at 4. In support of this claim, the Defendants cite a document they describe as a chat "between Mr. Burzaco and Martin Clemente, [indicted fugitive defendant] Mariano Jinkis's partner. . . ." Id. This is false. Mr. Clemente is not an associate of Mariano Jinkis; he is an attorney and an associate of Mr. Burzaco's Argentine counsel, who is also named Mariano. These chats were inadvertently produced by the government and, at the request of Mr. Burzaco's counsel of record in this case, the government has today requested that the Defendants return or destroy their copies of these communications.

  The Defendants argue further that the government's voluntary productions of documents from Mr. Burzaco's iPhone indicate that the Defendants' request for a Rule 17 subpoena for access to the phone was not a "fishing expedition." Reply at 1. This is also incorrect. The vast majority of the documents produced from Mr. Burzaco's iPhone are not discoverable under Rule 16, but the government nevertheless produced them consistent with the broad view of discovery it has taken in this case. In any event, the authorities barring "fishing expeditions" in the context of Rule 17 subpoenas do not rely on the proposition that there are no "fish" – such expeditions exist at all, in literal and metaphorical form, because sometimes they

return with a catch. The presence of discoverable materials on Mr. Burzaco's iPhone thus does not support an argument that the government was required to obtain them, much less support the arguments in the Defendants' pending motions for a farther-flung expedition into a government witness's private email accounts.[1]

Finally, the Defendants offer the truism that the government often obtains evidence, through subpoenas and judicially authorized search warrants, during the course of its criminal investigations – in this case and in thousands of others. Yes, of course. But, as these counsel well know, some from first-hand experience, the government does not search the email accounts and phones and desk drawers and homes of all witnesses, cooperating or otherwise, or of all subjects or targets of its investigation. The Defendants have not provided data on the number of email accounts the government declines to search as it carries out its investigations. There may well be cases in which the government decides, in furtherance of an investigation, to pursue access to private email accounts based on the presence of a handful of personal emails (here there are not even that many) in voluminous productions from an employer's holdings. It is not required to do so, however, and often does not do so. Whatever the government's decision, Rule 17 does not permit defendants to compel access to such materials based on speculation that they may find something useful, as the cases cited in the government's brief – and absence of authority cited by the Defendants – make clear.

Respectfully submitted,

BREON PEACE
United States Attorney

By:      /s/
Samuel P. Nitze
Patrick T. Hein
Kaitlin T. Farrell
Victor A. Zapana
Assistant U.S. Attorneys
(718) 254-7000

cc:  Counsel of record (by ECF)
     Clerk of Court (PKC) (by ECF)

---

[1] Contrary to the Defendants' arguments, the government does not concede that the documents they seek will be admissible at trial – indeed, the government's view is any such materials are unlikely to be admissible in a defense case. The government is unable to raise particularized arguments on this point, however, because the Defendants have not identified the materials they seek with particularity.