UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
UNITED STATES OF AMERICA,

        - against -

FULL PLAY GROUP, S.A.,

        Defendant.
------------------------------------------------------x

**MEMORANDUM & ORDER**
15-CR-252 (S-3) (PKC)

PAMELA K. CHEN, United States District Judge:

      Full Play Group, S.A. ("Full Play") seeks reconsideration of the portion of the Court's January 21, 2022 Memorandum and Order ("M&O") (Dkt. 1694) denying Full Play's request to obtain records from CONCACAF[1] and CONMEBOL[2] related to the following categories of information: (1) "recognition, adoption, implementation, and enforcement of fiduciary duties, codes of ethics, or codes of conduct, including but not limited to board meetings and draft and final documents memorializing fiduciary duties, codes of ethics, or codes of conduct of these entities;" (2) "findings of a violation, or an internal review or investigation of a suspected violation, of the code of ethics or code of conduct by any employee, agent, director, official, vendor, or third-party contractor in the possession of these entities;" (3) "findings of a breach of a fiduciary duty owed to [one] of these entities by any employee, agent, director, official, vendor, or third-party contractor in the possession of these entities;" and (4) "information that any employee, agent,

---

[1] CONCACAF, which stands for "Confederation of North, Central American and Caribbean Association Football," is a continental soccer confederation for North America, Central America, the Caribbean, and three South American countries. *United States v. Webb*, No. 15-CR-252 (PKC), 2020 WL 6393012, at *2 n.1 (E.D.N.Y. Nov. 1, 2020). The United States and two of its overseas territories, Puerto Rico and the U.S. Virgin Islands, are members of CONCACAF. *Id.*

[2] CONMEBOL, which stands for "Confederación Sudamericana de Fútbol," is a continental soccer confederation for most of South America. *Webb*, 2020 WL 6393012, at *2 n.1.

1

director, or official communicated or made known to [Full Play] or any of its employees or agents, that [any] of these entities or its leadership was aware of, permitted, condoned, or in any way required payments to obtain or secure contracts." (Full Play's Memorandum in Support of its Motion for Reconsideration ("Full Play Mem."), Dkt. 1714-1, at 1–2; Full Play's Motion for Subpoenas and Letters Rogatory, Dkt. 1657, at 3.) The Government opposes Full Play's request. (*See* Government Letter, Dkt. 1721.)

"Although the Federal Rules of Criminal Procedure do not provide for motions for reconsideration, Local Criminal Rule 49.1(d) permits such motions and provides that counsel should set forth concisely the matters or controlling decisions which counsel believes the Court has overlooked." *United States v. Parrilla*, No. 13-CR-360 (AJN), 2014 WL 2200403, at *1 (S.D.N.Y. May 22, 2014) (internal quotation marks and brackets omitted). "Prior to the adoption of Local Criminal Rule 49.1, courts in this circuit applied the identical standard found in Local Civil Rule 6.3 of the Local Rules to motions for reconsideration in criminal cases." *United States v. Rice*, No. 96-CR-407 (SJF), 2015 WL 7459925, at *1 (E.D.N.Y. Nov. 24, 2015) (citing *United States v. Yannotti*, 457 F. Supp. 2d 385, 389 (S.D.N.Y. 2006)). Accordingly, courts apply the same standard of review for motions seeking reconsideration under Local Criminal Rule 49.1 and Local Civil Rule 6.3 and the Federal Rules of Civil Procedure. *Id.*

Reconsideration is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Butto v. Collecto Inc.*, 845 F. Supp. 2d 491, 494 (E.D.N.Y. 2012) (internal quotation marks omitted). The decision whether to grant a motion for reconsideration lies within the sound discretion of the district court. *Gupta v. Attorney General of U.S.*, 52 F. Supp. 3d 677, 679 (S.D.N.Y. 2014). There are three recognized grounds justifying reconsideration: (1) "an intervening change of controlling law," (2) "the availability of new

evidence," and (3) "the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992). Thus, "the moving party [has to] point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). A motion for reconsideration "is not a vehicle for relitigating old issues . . . or otherwise taking a second bite at the apple." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (internal quotation marks omitted).

Full Play's motion for reconsideration is plainly without merit and warrants little discussion. Full Play fails to point to any controlling decision or specific fact that the Court overlooked in deciding the M&O.[3] Rather, Full Play generally restates the same arguments

---

[3] Full Play raises two new arguments: that the information it seeks is relevant (1) in connection with Full Play's intent to deceive or defraud CONMEBOL and CONCACAF, and (2) to the jury instructions that will describe the Section 1346 honest services fraud. (Full Play Mem., Dkt. 1714-1. at 4, 6–7.) Arguments raised for the first time on a motion for reconsideration will not be considered. *See Analytical Surveys*, 684 F.3d at 53; *In re LIBOR-Based Fin. Instruments Antitrust Litig.*, 27 F. Supp. 3d 447, 457 (S.D.N.Y. 2014) ("Because the remedy of reconsideration does not provide relief where a party failed to present relevant factual or legal arguments, a party seeking reconsideration may not advance new facts, issues or arguments not previously presented to the Court." (internal quotation marks omitted)); *Montblanc-Simplo GmbH v. Colibri Corp.*, 739 F. Supp. 2d 143, 147 (E.D.N.Y. 2010) ("A motion for reconsideration may not be used to advance new facts, issues or arguments not previously presented to the Court, nor may it be used as a vehicle for relitigating issues already decided by the Court." (quoting *Davidson v. Scully*, 172 F. Supp. 2d 458, 461 (S.D.N.Y. 2001))). Full Play's conclusory arguments, however, would fail even on the merits. First, Full Play has not demonstrated that its sweeping and ill-defined requests are relevant to its intent to defraud. As the Government correctly argues, "the contents of internal documents in the possession of a third party have no bearing on a defendant's mental state unless the defendant reviewed the documents before or during the commission of the alleged crime." (Government's Letter, Dkt. 1721, at 4.) Full Play has not requested any specific documents that it claims its officers, managers or employees reviewed, before or during its commission of the acts charged in the indictment. Second, Full Play's argument that this improper request for information is "relevant to the proper legal instruction of the jury" (Full Play Mem., Dkt. 1714-1, at 7) is not supported by any legal authority. Full Play's repeated reliance on the Court's prior statement that

3

regarding its purported entitlement to information, the existence of which is purely speculative, to argue that its motion seeks "to avoid manifest injustice." (Full Play Mem., Dkt. 1714-1, at 3.) Full Play, however, utterly fails to explain what the "manifest injustice" is and instead reverts to its arguments, previously rejected by the Court, that the information it seeks is "important and relevant." [4] (*Id.* at 4.) "Motions for reconsideration are not to be used as a means to reargue matters already disposed of by previous rulings or to put forward additional arguments that could have been raised before the decision." *United States v. Stevens*, No. 04-CR-222S (1) (WMS), 2021 WL 48516, at *1 (W.D.N.Y. Jan. 6, 2021); *Gupta*, 52 F. Supp. 3d at 679 ("[A] motion to reconsider is not a vehicle for litigants to make repetitive arguments that the court has already considered and it cannot be used to fill in the gaps of a losing argument." (internal quotation marks omitted)). It is evident that Full Play simply disagrees with the Court's prior ruling. But "mere disagreement

---

the existence of fiduciary duty "is a fact-based determination," which Full Play has previously mischaracterized and misstated, is meaningless in this context and not persuasive.

[4] Full Play also argues that "the Court should not rely on the Government's certification" that it has provided all material discovery in its possession. (Full Play Mem., Dkt. 1714-1, at 5.) In support of its assertion that "there are categories of documents CONMEBOL and CONCACAF have yet to provide" (*id.*), Full Play points to an "internal investigation" by CONMEBOL into allegations raised in an Uruguayan court case that CONMEBOL "engaged in fraudulent and corrupt conduct." (*Id.* (complaining that though the investigation was disclosed in discovery, no discovery has been provided about "what happened thereafter with the claims, were these claims actually investigated, the nature of the investigation, and any conclusions or results of the internal investigation").) But this single example does not demonstrate that the extraordinary remedy of reconsideration is appropriate here. First, as already discussed, "[b]ecause the remedy of reconsideration does not provide relief where a party failed to present relevant factual or legal arguments, a party seeking reconsideration may not advance new facts[.]" *In re LIBOR-Based Fin. Instruments Antitrust Litig.*, 27 F. Supp. 3d at 457. Full Play vaguely states that "a review of the discovery revealed" this information, but does not allege that this is new evidence that warrants reconsideration. Second, even assuming *arguendo*, that this is new evidence, Full Play fails to explain the relevance and materiality of this information to its defense—as the Court has repeatedly found both in the prior M&O and in this Memorandum and Order.

with the Court's prior decision is not a basis for reconsideration." *Rice*, 2015 WL 7459925, at *2 (citations omitted).

As the Court has previously held, "the information Full Play requests is immaterial, irrelevant, and violates the fundamental principle that Rule 17 is not a tool to engage in a general fishing expedition[.]" (M&O, Dkt. 1694, at 2 (citing *United States v. Nixon*, 418 U.S. 683, 700 (1974)) (internal quotation marks omitted).)  Accordingly, the Court denies Full Play's motion to reconsider in its entirety.

## CONCLUSION

The Court finds that Defendant Full Play has failed to make the necessary showing to warrant the Court's reconsideration of its January 21, 2022 Memorandum and Order.  Accordingly, Defendant Full Play's motion is denied in its entirety.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: February 22, 2022
       Brooklyn, New York