**NORTON ROSE FULBRIGHT**

Norton Rose Fulbright US LLP
1301 Avenue of the Americas
New York, New York  10019-6022
United States

March 4, 2022

**Mayling C. Blanco**
**Partner**
Direct line +1 212 318 3340
mayling.blanco@nortonrosefulbright.com

Honorable Pamela K. Chen
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York  11201

Tel +1 212 318 3000
Fax +1 212 318 3400
nortonrosefulbright.com

Re:    United States v. Jeffrey Webb, et al.
       Criminal Docket No. 15-252 (PKC)

Dear Judge Chen:

Defendant Full Play Group, S.A. ("FPG") respectfully submits this memorandum of law in reply to the Government's opposition (see ECF Dkt. No. 1720) to FPG's motion in limine to allow evidence of foreign law at the trial (see ECF Dkt. No. 1702) and to co-defendants' motion precluding certain government witnesses from presenting expert and summary testimony (see ECF Dkt. No. 1701).  FPG maintains that evidence of foreign law is admissible because it is directly relevant to the defendants' state of mind and because it informs the inquiry of whether the alleged fiduciary duty violation rose to the level of criminality, each of which are elements of the charged offense, which the government must prove beyond a reasonable doubt.  FPG also respectfully requests that if the Court is inclined to deny co-defendants' motion pertaining to fact witnesses testifying as summary and expert witnesses, that it do so without prejudice.

## ARGUMENT

### A.    The Court should Grant FPG's Motion in Limine for the Admission of Foreign Law.

The Government's opposition gravely misstated FPG's arguments, reframing both as the void for vagueness argument raised in FPG's earlier motion to dismiss.  Positioning FPG's arguments as a simple rehashing of the motion to dismiss, allows the Government to lean on the Court's prior ruling to argue for denial of the present motion in limine.  However, the two issues are not the same.  FPG here seeks to admit evidence of foreign law because, to render a verdict in this case, the Court must find that: (1) FPG had the necessary intent to the violate the law (or *mens rea*); and (2) that the alleged breach of the relevant fiduciary duty created a criminal liability in the foreign jurisdictions where those breaches allegedly occurred.  Both of these inquiries are informed by local law and defendants' understanding of that law at the time of the alleged unlawful conduct.  Since the evidence of local law is directly relevant to these inquiries, any balancing of prejudice strongly favors admission of this evidence in these circumstances.

Norton Rose Fulbright US LLP is a limited liability partnership registered under the laws of Texas.

Norton Rose Fulbright US LLP, Norton Rose Fulbright LLP, Norton Rose Fulbright Australia, Norton Rose Fulbright Canada LLP and Norton Rose Fulbright South Africa Inc are separate legal entities and all of them are members of Norton Rose Fulbright Verein, a Swiss verein. Norton Rose Fulbright Verein helps coordinate the activities of the members but does not itself provide legal services to clients. Details of each entity, with certain regulatory information, are available at nortonrosefulbright.com.

Honorable Pamela K. Chen
March 4, 2022
Page 2

NORTON ROSE FULBRIGHT

1.    **Foreign law is directly relevant to the issue of *mens rea*, a necessary element of any offense.**

To convict a defendant of wire fraud, the Government must prove beyond a reasonable doubt, that the defendant acted knowingly, intentionally, and with specific intent to defraud an entity of their intangible right to the honest services of their employees.  *See e.g. Napout Jury Instructions*, ECF Dkt. No.  872 at 42 (Dec. 26, 2017)[1]; *and United States v. Avenatti*, No. 19-CR-374 (JMF), 2022 WL 305145, at *10–11 (S.D.N.Y. Feb. 1, 2022).[2]  Issues of knowledge and intent require the trier of fact to make determinations about the defendants' state of mind, something that rarely can be provided directly, but may be determined by a careful consideration of all the circumstances of the case.  *Id. at 18.*  Testimony by anyone acting as an agent of FPG as to their belief at the time of the state of the local law with regards to commercial payments bears directly on the actor's state of mind and thus directly on defendants' culpability.

This Court has already recognized this exact point in the Napout Trial.  The Court found that "a belief about one's own law or the legality of one's own conduct in their country could [] be relevant to informing some good faith belief about whether they were violating a duty owed to FIFA." *United States v. Napout, et al.*, 15 Cr. 252 (S-2) (PKC), Trial Tr. 2620:4-12 (E.D.N.Y Dec. 1, 2017).  The Second Circuit opinion relating the Napout Trial reinforced this reasoning by finding that "evidence that commercial bribery was permitted under the laws of [local jurisdictions] would be relevant to the question of the [defendants'] intent where the jury could infer that 'laws of the [defendants'] home countries permitted commercial bribery and the [defendants] 'knew or believed' that to be so" and that "the [defendants] 'believed that their duties to [soccer organizations] were identical to their obligations under th[ose] foreign law[s].'" *United States v. Napout*, 963 F.3d 163, 185 (2d Cir. 2020) (citations omitted).  Here, we seek to introduce exactly this type of evidence.  That is, evidence of the belief of a defendants' laws in their home country and the legality of their own conduct in their home country is relevant to inform a good faith belief about whether they were violating a fiduciary duty.[3]

Additionally, the expert reports will help inform the jury as to the facts and circumstances at the time of the alleged misconduct so that an appropriate determination as to the defendants' mens rea may be made by the trier of fact.  That is if an FPG agent testifies that he believed the state of the home law was X, that witness's credibility is unquestionably enhanced if evidence is presented, here by our experts, that the actual state of the home law was actually X.  As such, the expert reports and testimony, among other things, will bolster testimony by FPG's agents

---

[1] FPG refers to these jury instructions for the purposes of simplifying these arguments only, and does not concede that the purposes wording in these instructions is appropriately or correctly, but merely sufficiently akin in general principals to sever the purposes of these arguments.

[2] Same as FN1.

[3] FPG notes that the Government repeatedly uses the civil preponderance standard, "less likely" or "more likely," rather than the appropriate standard required under Fed. R. Evid. 401, "any tendency to make a fact more or less probable."  FPG does not argue that evidence of foreign law makes it "less likely" FPG intended to violate a duty, but rather that it has a tendency to make a fact, in this case FPG's criminal intent and the lack of a fiduciary duty between FPG and their business partners, more or less probable.  Criminal intent of FPG remains squarely the Government's obligation to establish beyond a reasonable doubt.  As argued above, foreign law evidence is relevant under these circumstances.

Honorable Pamela K. Chen
March 4, 2022
Page 3

NORTON ROSE FULBRIGHT

regarding their understanding of the state of the law during the relevant time period and in the relevant jurisdictions.

> **2. Foreign law is directly relevant to establishing whether the breach of a fiduciary duty rose to a criminal violation, which the government must prove beyond a reasonable doubt.**

The government must prove (1) that a fiduciary duty applied to the relevant foreign employer-employee relationship, (2) that the fiduciary duty was breached, and (3) that the breach created criminal liability.  This is not the same as the void for vagueness argument, as the Government would like this Court to believe.  Indeed, the Government understands this distinction, as it introduced the organizational codes of ethics as evidence of the applicable fiduciary duty in the Napout trial.  Those codes of ethics, however, as FPG's experts have affirmed, do not create a fiduciary duty whose breach creates criminal liability in the jurisdictions government the employer-employee relationship.

Whether a purported fiduciary violation creates criminal liability must be informed by criminal law.  Indeed, in Skilling, the Supreme Court engaged in just such a domestic analysis, holding that the fiduciary duty to disclose conflicts of interest to private employer did not create criminal liability, but finding that criminal liability would exist in domestic cases of bribes and kickbacks, in violation of a fiduciary duty.  *Skilling v. United States*, 561 U.S. 358, 411 (2010) (citations omitted) (emphasis added) ("our construction of Section 1346 'establish[es] a uniform **national** standard, defin[ing] honest services with clarity.").  The Supreme Court in its survey of the mail and wire fraud statutes did not cite a single case involving a ***foreign*** employer-employee relationship.

Since the relevant conduct relating to the breach of the fiduciary duty occurred abroad, evidence of the laws of these foreign jurisdictions is necessary to determine the scope and substance of those fiduciary duties.  Specifically, a properly instructed jury must determine whether the government has met its burden of establishing whether the alleged breach of a supposed fiduciary duties creates a criminal liability under the laws of home jurisdiction where they occurred.  This inquiry must necessarily be informed by the laws of the local jurisdiction, and thus why evidence of foreign law is essential in this case.

> **3. Balancing of Prejudice Under These Circumstances Strongly Favors Admission of Foreign Law Evidence.**

The Government asserts that FPG "does not seriously dispute the risk of confusion and jury nullification created by such foreign-law evidence" and claims that FPG "simply makes the conclusory assertion that the evidence is 'not prejudicial.'"  ECF Dkt. No. 1720 at n 4.  First, the Government opted to bring this case based on a convoluted theory that tries to capture alleged misconduct in various foreign jurisdictions.  It should not now be able to point to self-created confusing evidentiary theories as a reason why the defense should be barred from presenting this evidence.  Second, the risk of prejudice is not triggered in this case because FPG does not seek to admit tangential evidentiary points.  The evidence presented here goes directly to *mens rea*, an element of any criminal offense and, which this Court, has already held is relevant as summarized above in  the Napout trial and by the Second Circuit. The fact that this evidence may be presented through third-parties and involve foreign law is the direct result of the Government

Honorable Pamela K. Chen
March 4, 2022
Page 4

NORTON ROSE FULBRIGHT

charging a corporation that operated in foreign jurisdictions.  Any balancing of prejudice strongly favors admission of this evidence in these circumstances.

**B. <u>If the Court is inclined to deny Co-Defendants' Motion with Respect to Certain Government Witnesses, FPG Respectfully Requests that it do so Without Prejudice.</u>**

The Government also opposed Defendants Martinez's and Lopez's motion to preclude certain fact witnesses from testifying as experts or summary witnesses. ECF Dkt. No. 1720 at 15-20.  This argument focuses primary on the potential testimony of  IRS-Criminal Investigation Special Agent Steven Berryman.  FPG has not yet taken a position on this issue; however, if the Court is inclined to deny Defendants Martinez's and Lopez's motion, FPG respectfully requests that it be denied without prejudice.  As the scope and content of trial witnesses becomes clearer, FPG would like to preserve its right to renew this request should any witness testimony venture into such impermissible territory.

**CONCLUSION**

For the foregoing reasons, this Court should grant FPG's motion in limine to admit foreign law evidence, deny the Government's motion in limine attempting to preclude the same, and at a minimum rule without prejudice on co-defendants' motion in limine precluding certain summary and expert testimony of Government witnesses.

Very truly yours,

*Mayling C. Blanco*

Mayling Blanco

**NORTON ROSE FULBRIGHT US LLP**
Mayling C. Blanco
Katey L. Fardelmann
1301 Avenue of the Americas
New York, New York 10019

**BAKER & HOSTETLER LLP**
Carlos F. Ortiz
Kayley Sullivan
45 Rockefeller Plaza
New York, New York 10111
Tel.: (212) 589-4200

*Attorneys for Defendant Full Play Group, S.A.*