UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
UNITED STATES OF AMERICA,

        - against -                            **MEMORANDUM & ORDER**
                                                     15-CR-252 (S-3) (PKC)

FULL PLAY GROUP, S.A., CARLOS
MARTINEZ, and HERNAN LOPEZ,

        Defendants.
----------------------------------------------------------x

PAMELA K. CHEN, United States District Judge:

Before the Court is the parties' joint request for an adjournment of the trial in this matter, which was scheduled to begin on May 23, 2022[1] and last approximately five to six weeks. Jury selection was to begin in a week, with the completion of juror questionnaires by approximately 300 prospective jurors on May 12–13, and in-person *voir dire* on May 20, 2022. The reason for the requested adjournment is the Government's recent disclosure of a large volume of discovery materials—perhaps as many as 7,000–8,000 documents conservatively totaling 40,000 pages—some of which had not been turned over as of May 6, 2022.

While the parties agree that an adjournment is warranted based on the recent discovery disclosure, they initially disagreed on how long the adjournment should be and when trial should begin.[2] The Government proposed delaying the trial by one week, *i.e.*, to May 30, 2022, to allow Defendants additional time to review the latest discovery. Defendants Carlos Martinez and Full

---

[1] The May 23, 2022 trial date was set six months ago—an adjournment from May 2, 2022, a date set eleven months ago—at the request of the parties. (*See* 6/29/2021 Docket Order; 11/9/2021 Docket Order.)

[2] The Court held a video conference with the parties on May 6, 2022 to discuss the adjournment request and scheduling issues (the "May 6 conference").

Play Group S.A. ("Full Play") vehemently objected to that proposal, arguing that one additional week would not give them sufficient time to both review the voluminous discovery and investigate any relevant information contained therein. In light of Martinez's and Full Play's objection, the Government and all Defendants collectively proposed starting the trial on June 27, 2022, with a one-week break for the July 4 holiday and an estimated end date of August 12, 2022.[3]

However, as explained at the May 6 conference, the Court's schedule cannot accommodate this last-minute request to move the trial date back one month, given the length of the trial and all of the other criminal and civil matters, including several trials, on the Court's calendar between June 27 and August 12, 2022. Although the Court has explored reassigning the trial in this matter to another judge, that is not feasible given the short notice, the length of the trial, the complexity and history of the case, and the backlog of trials that all judges in this district are facing due to the global COVID-19 pandemic. Even were the Court to reassign or reschedule other trials it has during this period, there are simply too many other scheduling impediments to make the proposed June 27, 2022 trial date feasible for the Court.

Notably, the parties do not propose other mutually agreeable dates to try this matter this year. As discussed at the May 6 conference, Defendant Full Play's counsel is unavailable for a trial starting on August 1;[4] there has been no suggestion that the parties are available to try this

---

[3] Though the parties estimate a total of five to six weeks for the trial, that does not include jury selection, and because the Court is unavailable to conduct *voir dire* the week of June 20, 2022, the first week of trial largely would be consumed with jury selection.

[4] In response to the unavailability of Full Play's counsel, Lopez's counsel suggested, at the May 6 conference, that the Court sever Defendants' trials, presumably meaning to try Martinez and Lopez together, but separate from Full Play. The Court rejected that suggestion then and reiterates now that severance of Full Play's trial from that of Lopez and Martinez would be inappropriate. Indeed, the Court previously denied the same motion by Lopez and Martinez (*see* Memorandum & Order, Dkt. 1455), and that was when the Government still intended to pursue a racketeering conspiracy ("RICO") charge against Full Play in which neither Lopez nor Martinez were charged. That was Lopez and Martinez's strongest argument for severance, and it has now

case in September; Defendant Lopez's counsel is unavailable to try this matter in October and November; and it would be impractical to begin the trial in December, given the roughly two-week holiday period that month. Thus, the next date when the Court and all parties are available to try this case is January 2023. While the Court understands that the parties would *prefer* to try this case earlier, no party has identified any prejudice that would result from conducting the trial in January 2023.[5] Indeed, during the May 6 conference, defense counsel merely stated that Defendants "would like to put this trial behind them."[6]

The Court further notes that, at the May 6 conference, defense counsel argued that given Alejandro's Buzaco's centrality to the Government's case, it is vital for Defendants to have ample time to analyze the voluminous documents recently produced from Burzaco's computer, emphasizing that it was not just a matter of *reviewing* those materials, but *investigating* all leads arising out of them. It was for this reason that Martinez's and Full Play's counsel strenuously

---

evaporated, given the Government's decision not to pursue the RICO charge against Full Play at the upcoming trial. (*See* Dkt. 1756.) What is left is a multi-defendant trial where all defendants are charged as co-conspirators in the same criminal scheme, and the unavailability of one Defendant's counsel for a particular trial date does not constitute a valid basis for severance. *See Zafiro v. United States*, 506 U.S. 534, 537, 539 (1993) (explaining that given the "preference in the federal system for joint trials of defendants who are indicted together," severance should be granted only where "there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence"); *United States v. Page*, 657 F.3d 126, 129 (2d Cir. 2011) ("[T]he defendant [must] demonstrate[] that the failure to sever [would] cause[] him substantial prejudice in the form of a miscarriage of justice." (quoting *United States v. Blakney*, 941 F.2d 114, 116 (2d Cir. 1991))); *United States v. Ventura*, 724 F.2d 305, 312 (2d Cir. 1983) ("We have held repeatedly that, absent a showing of substantial prejudice, defendants who are jointly indicted should be jointly tried.").

[5] In fact, because trial was set to begin in two weeks, Defendants have received all of the 3500 material for the Government's witnesses, which the defense teams will now have months to pore over before trial.

[6] The Court notes that the two individual Defendants, Martinez and Lopez, have never been in custody during this prosecution, and, other than limitations on travel, have few restrictions on their pretrial release.

3

argued that a one-week delay in the trial would not be enough, which led the parties to propose the June 27, 2022 trial date. However, given Defendants' avowed need to both review and conduct investigation based on the Burzaco materials, the Court is not convinced that merely delaying the trial by one month will be sufficient, especially given Defendants' history of repeated requests to obtain discovery from foreign entities that cannot be served with traditional subpoenas. Should the defense determine that they need to conduct extensive investigation based on the Burzaco documents, the trial might have to be adjourned once more, which would again impose unnecessary burden and expense on the Court.[7] The Court has an obligation to protect itself from such unnecessary and wasteful expenditures by setting a trial date that is likely to hold and avoiding another adjournment.

The Court previously declared this case complex. (*See* 4/9/20 Minute Entry.) The Court continues to find that designation appropriate based on the number of defendants, the nature of the charges against them (which, until recently, included a RICO charge against Full Play), the extremely large volume of evidence, the extensive motion practice, the numerous discovery requests by Defendants, the voluminous discovery productions by the Government, and the involvement of numerous foreign parties, entities, and countries in this case. Thus, no additional ground for excluding time under the Speedy Trial Act until January 2023 is required. *See* 18 U.S.C. §§ 3161(h)(7)(A), (B)(ii).

Even if the case were not complex, the Court would find that excluding the period from May 23, 2022 until January 3, 2023 under the Speedy Trial Act is warranted because of

---

[7] For example, because of the May 23, 2022 trial being adjourned, the Court has borne the burden and expense of summoning, and now canceling, 300 prospective jurors, as well as retaining, and now canceling, multiple outside Spanish-language interpreters, resulting in cancellation fees.

Defendants' need for ample time to review the recently produced, voluminous, and potentially important discovery, the last-minute timing of the request to adjourn the trial, and the unavailability of the Court and all parties to try this matter before January 2023. The Court recognizes that "court congestion," in itself, does not justify excluding time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(8)(C) ("No continuance . . . shall be granted because of general congestion of the court's calendar . . . ."); *United States v. Calix*, 787 F. App'x 4, 6 (2d Cir. 2019) ("It is undisputed that the [Speedy Trial] Act does not allow for delay 'because of general congestion of the court's calendar.'"). However, here, it would be inaccurate to describe the Court's inability to accommodate the parties' eleventh-hour request to delay for one month the start of a six-week trial that was scheduled six months ago as court congestion. Nor is court congestion the reason for the adjournment of this trial to next January; rather, it is the combination of circumstances, as discussed above, that necessitates the six-month adjournment. The Court further observes that the term "court congestion" obscures and minimizes the impact on other litigants' cases and their lives when one trial or case is prioritized over another. The other parties whose matters are on the Court's calendar between June 27 and August 12, 2022 have as much of an interest in getting their trials and cases "behind them" as do Defendants here.

Accordingly, the parties' request to adjourn the trial in this matter is granted. Trial will begin on **Tuesday, January 3, 2023**[8] in a courtroom to be determined. The following revised pretrial schedule is hereby set:

(1) **Expert Disclosures and Objections**: The parties shall provide any updated expert disclosures by **9/30/2022**. The parties will file their objections to any party's expert by **10/14/2022**; responses by **10/28/2022**; and replies, if any, by **11/4/2022**.

---

[8] The Court is closed on Monday, January 2, 2023 because the New Year's holiday falls on a weekend.

(2) **Motions *in Limine***: The parties will file any motions *in limine* not previously raised by **10/10/2022**; responses by **10/24/2022**; and replies, if any, by **10/31/2022**.

(3) **3500 and Witness and Exhibit Lists**: The Government will produce any 3500 material not previously produced by **11/21/2022** and preliminary lists of witnesses and trial exhibits by **12/12/2022**.

(4) **Jury Instructions**: The parties will file their requests to charge by **12/2/2022**, and email a copy in Word format to the Court at chen_chambers@nyed.uscourts.gov.

(5) **Jury Selection**: Jury questionnaires will be distributed to prospective jurors in the Ceremonial Courtroom on the second floor on 12/15/2022 and 12/16/2022, at 10:00 a.m. and 2:00 p.m. each day (for which the parties' presence is not needed); the parties will review the questionnaires and file, under seal, a list of jurors they seek to strike for cause, with a brief explanation of the basis, and a list of proposed follow-up questions for individual jurors or the entire venire, by **12/23/2022**; and on **1/3/2023 at 10:00 a.m.**, in a courtroom to be determined, the Court will advise the parties of its determinations regarding their requests to strike and hear, as necessary, additional argument (at sidebar, as appropriate) as to any juror whom the Court does not strike for cause; once the venire is finalized, *voir dire* will be conducted with respect to the parties' preemptory challenges. Twelve (12) regular jurors and six (6) alternate jurors will be seated. The jury will not be sworn in until the start of trial on January 3, 2023.

The Government will pay for copying of the jury questionnaires both before and after completion, with cost sharing between the parties, as determined appropriate by the Government. The parties are advised that **three hundred (300)** prospective jurors will be called to complete the questionnaires; the parties should plan accordingly.

(6) **Final Pre-Trial Conference**: A final pre-trial conference will be held on **12/15/2022 at 11:00 a.m.**, in a courtroom to be determined.

(7) **Daily Trial Schedule**: The trial day will run from 9:30 a.m. to 5:30 p.m. each day, with the parties appearing in court by 9:00 a.m.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Date: May 9, 2022
Brooklyn, New York